UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-23071-CIV-GAYLES/TURNOFF

**REGLA CABRERA**,

    Plaintiff,

vs.

**CAROLYN W. COLVIN**,
acting Commissioner of
Social Security,

    Defendant.
_____/

## ORDER

On August 20, 2014, Plaintiff Regla Cabrera ("Plaintiff") filed a Complaint seeking a review of Defendant Carolyn W. Colvin's ("Defendant") decision denying supplemental security income under Title XVI of the Social Security Act (the "Act"). [ECF No. 1]. This matter was referred to Magistrate William J. Turnoff for a report and recommendation on dispositive matters [ECF No. 3]. Thereafter, the parties filed their respective cross-motions for Summary Judgment [ECF Nos. 13 & 18]. On August 24, 2015, Judge Turnoff issued a Report and Recommendation ("Report") [ECF No. 20], recommending that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the decision of the Administrative Law Judge (the "ALJ").

On September 11, 2015, Plaintiff filed her objections to the Report ("Objections") [ECF No. 21]. When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed R. Civ. P. 72(b)(3). The Court has carefully reviewed the written submissions, the record, and the applicable law and, for the following reasons, the Report is **AFFIRMED** and **ADOPTED** and Plaintiff's Objections are **OVERRULED**.

1

In his comprehensive analysis, Magistrate Judge Turnoff considered the four issues Plaintiff raised in her effort to reverse the ALJ's decision: (1) whether the Appeals Council committed reversible error in failing to remand this matter to the ALJ for consideration of the newly submitted evidence; (2) whether the ALJ erred in his evaluation of the medical opinion evidence; (3) whether the ALJ failed to properly consider Plaintiff's subjective complaints; and (4) whether the ALJ erred by failing to obtain vocational expert testimony given Plaintiff's non-exertional limitations.  Judge Turnoff found no reversible error with either the Appeals Council or the ALJ's decision.

When reviewing an ALJ's decision, the Court's role is to determine whether substantial evidence supported that decision. *See* 42 U.S.C. § 405(g); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir.1999). Substantial evidence is less than a preponderance, but is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.1988).  In determining whether substantial evidence exists, the Court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  Furthermore, "the reviewing court must be satisfied that the decision is grounded in the proper application of the appropriate legal standards." *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court is not, however, permitted to reweigh the evidence the ALJ considered. *Bridges v. Bowen,* 815 F.2d 319, 321 (11th Cir. 1989). The Court must reverse the decision only if the ALJ fails to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991). Otherwise, this Court must affirm the decision of an ALJ that is

supported by substantial evidence. *Kramerman v. Colvin,* No. 13-20333-CIV, 2015 WL 965763, at *5 (S.D.Fla. Mar. 4, 2015).

In her Objections, Plaintiff primarily reargues the issues raised in her Motion for Summary Judgment. In addition, Plaintiff asserts that the Report is conclusory and fails to address her arguments. The Court disagrees and addresses each issue in turn.

### I.   The Appeals Council Did Not Err in Denying Remand

Plaintiff asserts that the Appeals Council erred when it failed to remand her action to the ALJ based on newly submitted evidence. In support of her appeal, Plaintiff submitted the statement of her treating physician, Dr. Mascaro, and a Mental Capacities Evaluation ("MCE") prepared by Dr. Miro, a consulting psychiatrist. In denying Plaintiff's request for review, the Appeal's Council found, in part, that the newly submitted evidence did not provide a basis for changing the ALJ's decision. The Appeals Council also stated that Dr. Miro's MCE related to a time after the ALJ's decision and, therefore, did not provide cause to change the decision.

As set forth in the Report, Dr. Mascaro's sworn statement fails to establish error in the ALJ's decision. It merely recites much of what was already in the record and does not provide a basis for remand. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784-85 (11th Cir. 2014) (review "denied because the additional evidence failed to establish error in the ALJ's decision").

The Appeals Council did, however, incorrectly find that Dr. Miro's MCE related to a time after the ALJ's decision. A review of the MCE shows that, although Dr. Miro signed it on May 20, 2013, it relates to her February 18, 2011, evaluation and March 1, 2011, report. Therefore, this new evidence does indeed relate to the relevant time period. The Appeals Council's factual error, however, is not dispositive of the issue. The Appeals Council must only grant a petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight

3

of the evidence." *Atha v. Comm'r of Soc. Sec.*, No. 14-15395, 2015 WL 3915761 at *4 (11th Cir. June 26, 2015) (quoting *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007)). When, as in this action, the Appeals Council denies review based on new evidence, this Court only considers whether the new evidence "renders the denial of benefits erroneous." *Id.* (quoting *Ingram*, 496 F.3d at 1262). The Court finds that Dr. Miro's MCE is duplicative of her prior consultative opinion and does not render the ALJ's decision erroneous.

## II.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence

Plaintiff also argues that the ALJ erred in his evaluation of Dr. Mascaro, Dr. Miro, and Dr. Bauer's opinions. The Court disagrees. The ALJ provided reasons, supported by substantial evidence, for the weight he placed on each opinion. Where good cause exists not to give weight to the medical evidence of a treating physician, such as Dr. Mascaro, it is acceptable for an ALJ to refuse to do so. *See Weaver v. Comm'r of Social Security,* 597 Fed. App'x 864 (11th Cir. 2014). The ALJ found that Dr. Mascaro's opinion was inconsistent with his treatment notes. Similarly, the ALJ found that Mr. Miro's opinion was inconsistent with her psychological findings and focused primarily on Plaintiff's subjective reports. This Court finds no error in the ALJ's findings and, even if it did disagree with some of the ALJ's factual findings, his decision must be affirmed as it is supported by substantial evidence in the record. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The ALJ gave considerable weight to Dr. Bauer, the State Agency psychologist. Plaintiff, however, argues that Dr. Bauer's opinion does not support the ALJ's finding that Plaintiff's only mental limitation is that she is limited to unskilled work. In Section I of the Mental Residual Functional Capacity Form ("MRFC"), Dr. Bauer indicated that Plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number

4

and length of rest periods and in her ability to respond appropriately to supervisors. However, in Section III of the MRFC, Dr. Bauer opined that Plaintiff could persist at simple routine tasks for a regular workday at an appropriate pace and could sustain at this level over weeks and months. Plaintiff asserts that Dr. Bauer's statements in Section I contradict the ALJ's Residual Functional Capacity ("RFC") finding. This Court disagrees. Section I of the MRFC is only a summary and does not constitute an RFC assessment. *See Land v. Comm'r of Soc. Sec.*, 494 F.App'x 47, 49 (11th Cir. 2012). Section III constitutes the doctor's actual residual functional capacity assessment. *See* Commissioner's Program Operations Manual § 24510.060(B)(4). The ALJ found Dr. Bauer's opinion, as set forth in Section III, consistent with the record medical evidence. Accordingly, substantial evidence supports the ALJ's RFC finding.

### III. Substantial Evidence Support's the ALJ's Findings Regarding Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to consider her subjective complaints and that substantial evidence does not support his credibility findings. As detailed in the Report, the ALJ considered Plaintiff's subjective complaints in conjunction with her medical records and did not find her subjective complaints credible. "Credibility determinations about a claimant's subjective testimony are reserved for the ALJ." *Krammerman v. Comm'r of Soc. Sec.*, No. 13-20333, 2015 WL 965763, at *10 (S.D. Fla. Mar. 4, 2015) (citing *Lanier v. Comm'r of Soc. Sec.,* 252 F. App'x 311, 314 (11th Cir. 2007). Should an ALJ choose to discredit a claimant's testimony based on the record, she must articulate "explicit and adequate reasons for doing so." *Id.* But that articulation only requires an ALJ to enable the court to determine that he/she considered the claimants medical condition as a whole. *See Fite v. Colvin,* NO.5:11-CV-4001-VEH, 2013 WL 6635928, at * 9 (N.D. Ala. Dec. 17, 2013). The ALJ's decision properly sets forth his reasons

5

for discrediting Plaintiff's testimony. Accordingly, the Court agrees with Judge Turnoff's recommendation and finds no error by the ALJ.

**IV.     The ALJ Was Not Required to Obtain Vocational Expert Testimony**

To determine whether there were jobs in the economy that Plaintiff could perform, the ALJ relied on the Medical-Vocational Guidelines ("Grids"). The Grids are tables that assess a claimant's ability to work by matching her age, education, and work experience with her work capability. *See* 20 C.F.R. pg. 404, subpt. P, app.2. The ALJ applied the Grids to Plaintiff and found that work existed in significant numbers in the economy that she could perform.

Plaintiff argues that due to her non-exertional limitations, the ALJ was required to rely on a vocational expert in place of the Grids. As correctly set forth in the Report, the existence of non-exertional limitations does not alone require the ALJ to use a vocational expert in place of the Grids. *See Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004). The Court finds no error with the ALJ's exclusive use of the Grids to find that Plaintiff was "not disabled."

**CONCLUSION**

The Court has reviewed the Report, the record, and the applicable law *de novo*. In light of that review, the Court agrees with the analysis and recommendations stated in the Report and with the conclusions set forth therein.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 20] is **AFFIRMED AND ADOPTED** as follows:

1. The Plaintiff's Motion for Summary Judgment [ECF No. 13] is **DENIED**.

2. The Defendant's Motion for Summary Judgment [ECF No. 18] is **GRANTED**.

It is further **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Objections [ECF No. 21] are **OVERRULED**.

2. The Clerk of Court is directed to **CLOSE** this case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record